CHARLES B. STAFFORD *vs.* ISRAEL WHITCOMB & another.

A sale of mortgaged personal property by the mortgagor, with the oral consent of the mortgagee, will convey a good title to the purchaser, although the latter was not at the time informed of the existence of the mortgage.

TORT for the conversion of a horse.

At the trial in the superior court, before *Rockwell*, J., it appeared that Solomon Todd, the former owner of the horse, had mortgaged him to one of the defendants, and afterwards sold him to the plaintiff. There was no evidence of a written consent by the mortgagee to the sale, and the evidence was conflicting whether oral consent had been given, and whether the plaintiff at the time of his purchase was informed of the mortgage. The judge instructed the jury that the mortgagee could not set up a title to the horse under his mortgage, provided he had given oral permission to Todd to sell him, and that, if such permission was proved, it was immaterial whether or not the plaintiff was informed of the mortgage.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*S. O. Lamb*, for the defendants, cited Gen. Sts. *c.* 161, § 62; *Wheeler* v. *Russell*, 17 Mass. 258 ; *Shearer* v. *Babson*, 1 Allen, 486.

*W. Griswold*, for the plaintiff.

DEWEY, J. The question in the present case is, whether, if the jury were satisfied that the mortgagee had given to the mortgagor verbal permission to sell the horse, the mortgagee would, by reason of such permission, be barred of his right to set up his mortgage against the title of the purchaser.

It is urged, on the part of the defendants, that the plaintiff is estopped from showing such verbal authority to sell the mortgaged property, a sale made under such verbal authority being an illegal act, and made punishable as such by Gen. Sts. *c.* 161, § 62. The error of the defendants is in overlooking the distinction between the present case and that class of cases where

Stafford *v.* Whitcomb & another.

both parties participate in doing an illegal act. Such was the leading case of *Wheeler* v. *Russell*, 17 Mass. 258, where the defence was founded upon the statute making it a penal offence to purchase or sell shingles not duly surveyed. The same would be true of contracts made on Sunday, contracts for the sale of lottery tickets, and many similar cases where the contract is forbidden by statute. But this statute is of a different character. It is a statute for punishing criminal offences against property. The sections preceding § 62 show very clearly its character and purposes. Section 59 affixes a penalty to the act of selling land under an incumbrance, without notice to the purchaser; and § 60 for selling land known to be attached, without giving notice thereof. Section 62 is also intended to operate solely on the mortgagor who shall sell mortgaged property in violation of the provisions thereof. In case of a sale made by him, without the written assent of the mortgagee, the mortgagor is made liable to be punished. But the purchaser may be perfectly innocent in the matter. The statutes deal only with the mortgagor, or party who has made sale of property mortgaged or attached, in violation of the rights of others. But in these various cases the contract is available to the purchaser, to the extent of any interest he could acquire to property thus incumbered. That penal statutes of this character are not to affect innocent parties, who are not participators in the acts made punishable by statute, was shown in the cases of *Emery* v. *Kempton*, 2 Gray, 257; *Roys* v. *Johnson*, 7 Gray, 162.

The ruling was correct, and the exceptions must be overruled.